IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARTIN D. CRAGO,

    Petitioner,

    v.

WARDEN, MARION CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:21-CV-772
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Petitioner has filed a Motion for Leave to Proceed *in forma pauperis* with an attached prison account statement. (Doc. 1). Upon consideration, the Court finds the Motion to be meritorious, and therefore, it is **GRANTED**.

**WHEREUPON, IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so appear, the petition

must be dismissed. *Id*. Applying this standard, and for the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED.**

## I. BACKGROUND

Petitioner challenges his March 23, 1992, aggravated murder conviction in the Franklin County Court of Common Pleas. The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case:

> {¶ 2} In 1986, Crago was tried for two counts of aggravated murder, one count of aggravated robbery, and one count of kidnapping for his role in the killing of Edward Murray. Crago was convicted of aggravated robbery and kidnapping, but he was acquitted of aggravated murder in the course of kidnapping but convicted of a lesser-included offense of involuntary manslaughter on that count. The jury could not reach a verdict on the count of aggravated murder during the commission of a robbery, and the court declared a mistrial on that count.
>
> {¶ 3} After hearing argument from the parties and at defense counsel's request, the court proceeded to sentence Crago on the convicted counts. Crago appealed, and this court affirmed his convictions. *See State v. Crago*, 10th Dist. No. 86AP-945, 1988 WL 81833 (Aug. 2, 1988) ("*Crago I*"). At that time, we determined Crago's argument he could not be reprosecuted for the remaining aggravated murder count was premature. *Id.* at *24.
>
> {¶ 4} On remand, Crago moved to have the remaining count of aggravated murder dismissed. The trial court denied that motion, and Crago filed another appeal. *State v. Crago*, 10th Dist. No. 87AP-394 (Sept. 22, 1988) ("*Crago II*"). In that appeal, we determined Crago could be tried on the remaining aggravated murder count without violating the "successive prosecution" bar of the Double Jeopardy Clause of the United States Constitution, *see id*. at *11, and we further determine the collateral estoppel bar of the Double Jeopardy Clauses of the state and federal constitutions described in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) did not preclude retrial on that count. Crago appealed *Crago II* to the Supreme Court of Ohio, which accepted jurisdiction and vacated this court's decision. The Supreme Court concluded that denial of Crago's motion to dismiss based on double jeopardy did not constitute a final appealable order. *State v. Crago*, 53 Ohio St.3d 243, 559 N.E.2d 1353 (1990) (*Crago III*), superseded by statute as stated in *State v. Anderson*, 138 Ohio St.3d 264, 275, 2014-Ohio-542, ¶ 60, 6 N.E.3d 23.
>
> {¶ 5} Crago then filed an original action with this court, requesting we issue a writ of prohibition ordering the trial court to refrain from retrying him on the remaining aggravated murder count. We sustained the State's motion to dismiss because

prohibition is not the proper avenue for adjudicating a double jeopardy claim. *See State ex rel. Crago v. Thompson*, 10th Dist. No. 91AP-1004 (Dec. 3, 1991).

{¶ 6} Thereafter, Crago was tried and convicted on the remaining count of aggravated murder.

The trial court sentenced Crago to life imprisonment, but merged the involuntary manslaughter conviction from Crago's first trial with the aggravated murder conviction from his retrial, and ordered Crago's aggravated murder sentence to be served concurrently with the terms imposed for his robbery and kidnapping convictions. Crago appealed his conviction to this court, again arguing double jeopardy and collateral estoppel barred his retrial on the aggravated murder count. *See State v. Crago*, 93 Ohio App.3d 621, 639 N.E.2d 801 (10th Dist.1994) ("*Crago IV*"). We concluded Crago was properly retried on the remaining aggravated murder count, and again held his retrial and conviction following a mistrial did not violate either the federal or state double-jeopardy prohibitions. *Id.* at 635-39, 639 N.E.2d 801. Although we agreed Crago "could not have been subjected to multiple sentences for separate counts of aggravated murder based upon double jeopardy principles," we observed:

> the issue of multiple punishments was resolved when the trial court, during sentencing following retrial on the remaining aggravated murder count, determined that "the sentence previously imposed by this Court upon the defendant as to count two by entry filed September 22, 1986, is hereby set aside as count two has merged with count one * * *."

*Id*. at 631-32.

And rejecting Crago's collateral estoppel argument, we determined the jury in Crago's first trial could conclude Crago did not purposefully cause the victim's death in the course of kidnapping him but still be unable to resolve whether Crago purposefully caused his death in the course of robbing him. Accordingly, the jury's verdict acquitting Crago of aggravated murder in the course of the kidnapping did not ipso facto lead to the conclusion he lacked a purpose to kill during the aggravated robbery. *Id.* at 638, 639 N.E.2d 801. The Supreme Court did not accept jurisdiction of *Crago IV, see State v. Crago*, 70 Ohio St.3d 1413, 637 N.E.2d 10 (1994), and the United States Supreme Court declined *certiorari. See Crago v. Ohio*, 513 U.S. 1172, 115 S.Ct. 1149, 130 L.Ed.2d 1107 (1995).

{¶ 7} On August 16, 2018, over 20 years after his conviction and sentence became final, Crago filed a motion to vacate a void conviction and sentence with the trial court, again arguing he could not be convicted and sentenced on the aggravated murder in the course of a robbery count because he had already been sentenced on the involuntary manslaughter conviction. The state opposed the motion, arguing in part that even if Crago's double-jeopardy arguments had been correct, the version

3

> of R.C. 2953.21 (the postconviction statute) that was in effect in 1992 gave the trial court the authority to set aside the sentence for involuntary manslaughter to avoid creating a double-jeopardy or multiple-punishments issue. The trial court denied the motion on October 24, 2018. The trial court found it had validly imposed sentences on each of the counts for which Crago was convicted and the sentences imposed were not "a nullity or void, and did not include any clerical errors in need of correction." (Oct. 24, 2018 Entry at 1.)
>
> {¶ 8} Crago now appeals and submits three assignments of error, all of which rest upon the same basic contention—the trial court should have granted his 2018 voidness motion, because the sentencing court was without authority in 1992 to "set aside" his first conviction and merge his involuntary manslaughter sentence with his subsequently-imposed 30-years to life sentence for aggravated murder during the commission of a robbery.
>
> [1.] The trial court abused its discretion in denying appellant's motion on October 24, 2018 where the trial court, in the March 1992 judgment entry, was clearly without subject-matter jurisdiction or statutory authority to set aside a valid judgment of sentence that was journalized and executed for count two. (*State v. Carlisle,* 131 Ohio St. 3d 127, 961 N.E.2d 671; *State ex rel. Cruzado v. Zaleski*, 111 Ohio St. 3d 353, 856 N.E.2d 263). The trial court was therefore without jurisdiction to commence a trial on 12/9/91 for an allied count.
>
> [2.] The trial court abused its discretion in denying appellant's motion on October 24, 2018 where the court, in the March 1992 judgment entry, patently and unambiguously lacked jurisdiction to set aside a judgment of sentence that had been affirmed by the Tenth District Court of Appeals.
>
> [3.] The appellees erred [sic] to the prejudice of the appellant by incorrectly interpreting the proper remedy of law set forth by R.C. 2953.21 in order to challenge the appellants conviction and sentence regarding count two.

*State v. Crago*, 10th Dist. No. 18AP-857, 2020 WL 1172619, at *1-2 (Ohio Ct. App. March 10, 2020). On March 10, 2020, the appellate court affirmed the trial court's judgment. *Id.* On October 27, 2020, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Crago*, 160 Ohio St.3d 1441 (Ohio 2020). On February 21, 1995, the United States Supreme Court denied the petition for a writ of *certiorari. Crago v. Ohio*, 513 U.S. 1172 (1995).

On November 30, 2020, Petitioner executed this pro se habeas corpus petition. (Doc. 1, PAGEID # 25). Petitioner asserts as follows:

4

1. The State violated petitioner['] s [F]ifth and [F]ourteenth [A]mendment rights of due process and [F]ifth [A]mendment right from double jeopardy, by arbitrarily declaring petitioner's original judgment of conviction for an allied offense not valid.

2. The [S]tate of Ohio, in a decision declaring petitioner's original judgment of conviction for an allied offense invalid, denied the petition[er] the [S]ixth [A]mendment right to assistance of counsel at a critical stage of a criminal proceeding .

3. The State of Ohio, in a decision declaring petitioner's original judgment of conviction for an allied offense as not valid, denied petitioner the [F]ourteenth [A]mendment rights to equal protection of the law and of fundamental fairness, and the [F]ifth Amendment protections from double jeopardy.

4. The appellate court denied appellant's [F]ourteenth [A]mendment right to fundamental fairness by applying a new unrelated judicial ruling as authority to declare petitioner's original judgment of conviction for an allied offense not valid.

For the reasons that follow, Petitioner's claims are time barred.

## II. SUCCESSIVE PETITIONS

This Court must first consider whether this second-in-time habeas corpus petition constitutes a second or successive petition subject to the filing requirements of 28 U.S.C. § 2244(b)(3)(A). On December 6, 1991, this Court denied Petitioner's prior habeas corpus petition filed pursuant to 28 U.S.C. § 2254 on grounds that the Double Jeopardy Clause barred his re-trial on the charge of aggravated murder. *Crago v. Warden*, *Lebanon Corr. Inst.*, No. 2:91-cv-1029 (Doc. 1-4, PAGEID # 38-80; *see also Opinion and Order*, Doc. 1-5, PAGEID # 81-85, denying motion for reconsideration).

"Federal habeas law gives an inmate one clean shot at relief for each judgment that confines him." *In re Campbell*, 917 F.3d 891, 892 (6th Cir. 2019). 28 U.S.C. 2244(b)(3)(A) states that, before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. A district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order

from the court of appeals authorizing the filing of such successive motion or petition. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Id.* The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims*:

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id*. at 47.

However, not all second-in-time habeas corpus actions are second or successive actions. *In re Coley*, 871 F.3d 445, 457 (6th Cir. 2017) (citing *Panetti v. Quarterman,* 551 U.S. 930, 944 (2007)). For example, a second-in-time habeas corpus petition is not successive "where ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition" or where a federal court dismissed the earlier petition as unexhausted. *Id.* (citations omitted). Also, the petitioner must be challenging the same judgment for the limitations on the filing of a successive habeas corpus petition to apply. *See In re Caldwell*, 917 F.3d at 893 (citing *In re Stansell*, 828 F.3d 412, 415 (6th Cir. 2016)). "A petition qualifies as second or successive only if it challenges a previously challenged judgment." *Id*. (citing *Magwood v. Patterson*, 561 U.S. 320 (2010)). Thus, "a new judgment reopens challenges to any aspect of that judgment, whether related to the conviction, sentence or both." *Id*. (citing *Magwood*, 561 U.S. at 415-17.)

Here, although Petitioner again argues, as he did in his habeas corpus petition filed prior to his re-trial on the charge of aggravated murder in 1991, that the Double Jeopardy Clause bars his conviction on that charge, Petitioner had yet to be convicted at the time he filed his prior habeas corpus petition. He challenged the state court's denial of his writ of prohibition and motion to dismiss the Indictment on double jeopardy grounds and the constitutionality of the State's ability to re-try him after a mistrial. Further, the Ohio Court of Appeals held that Petitioner's 1986 sentence was not a final and valid sentence. *State v. Crago*, 2020 WL 1172619, at *3.

> [I]n *State v. Craig*, —— Ohio St.3d ——, 2020-Ohio-455, the Supreme Court analyzed a similar case, and "adher[ing] to the text of the jurisdictional statute, our precedent, and our general rule disfavoring piecemeal appeals," held that "a conviction on one count of a multicount indictment is not a final, appealable order when other counts remain pending after a mistrial." *Id.* at ¶ 21. And, the *Craig* case merely makes clear what has long been the rule in this State. *See State v. Daboni*, 4th Dist. No. 16CA5, 2018-Ohio-68, ¶ 5-6; *State v. Ridener*, 2d Dist. No. 2018-CA-9, 2019-Ohio-1672, ¶ 13-16; *State v. Robinson*, 5th Dist. No. 2007 CA 00349, 2008-Ohio-5885, ¶ 11-12; *State v. Waters*, 8th Dist. No. 85691, 2005-Ohio-5137, ¶ 7-14; and *State v. Garner*, 11th Dist. No. 2002-T-0025, 2003-Ohio-5222, ¶ 7-11. *See also Painter and Pollis*, Ohio Appellate Practice section 2:10 (2020) ("[W]here a defendant is convicted on more than one charge, there is no final order until the trial court enters judgment (including sentence) on each and every offense for which there is a conviction and a journal entry memorializing the disposition of charges resolved through dismissal or acquittal." Thus, if a judge grants a mistrial on one count but enters a judgment of conviction on the others, the judgment is not a final order.").
>
> In 1986, Crago was found guilty of some offenses, acquitted of one, the jury hung on one offense (aggravated murder in the course of a robbery), and the court proceeded directly to sentencing on the offenses for which he was found guilty. The remaining aggravated murder charge was not dismissed or otherwise disposed of— rather, the charge was left "hanging" until the retrial in 1992. As a result, under Craig, the 1986 sentencing entry in Crago's case was not itself a final order.
>
> {¶ 13} In short, upon review we conclude the 1986 sentencing entry in Crago's case was not final, since it did not dispose of all the charges against him. Rather, it is the 1992 entry which recites verdicts and imposes sentences for all offenses that was the final order of conviction in this case. As a result, Crago cannot claim the 1992 entry is void, since it is the only final, valid sentencing entry left in the case and does not modify a prior final sentence.

7

*Id.*, at *3-4. Thus, Petitioner now challenges a new judgment of conviction and a new conviction on the charge of aggravated murder that he could not have earlier challenged. Under these circumstances, it does not appear that this action constitutes a second or successive petition within the meaning of 28 U.S.C. § 2244(b)(3)(A). *See Ross v. Petro*, No. 04-cv-845, 2020 WL 1172619, at * (N.D. Ohio Apr. 1, 2020) (concluding that a second-in-time habeas corpus action was not successive where the petitioner challenged his conviction resulting from a second trial held after the declaration of a mistrial, and the District Court had denied his prior habeas corpus petition attempting to bar his re-trial on double jeopardy grounds). However, even assuming that this Court has jurisdiction to consider this action, for the reasons discussed below, the record nonetheless reflects no basis for relief.

### III. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*.

A District Court is permitted, but not obligated, to *sua sponte* address the timeliness of a federal habeas corpus petition, *Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting an initial review under Rule 4. *See Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198).

Here, although Petitioner couches his claims in terms of the appellate court's most recent March 20, 2020, decision affirming the trial court's denial of Petitioner's motion to vacate a void conviction and sentence, the crux of all of his claims involves his continued assertion that his re-trial and sentence on aggravated murder after a mistrial is constitutionally invalid and violates the Double Jeopardy Clause. Thus, his judgment of conviction became final under the provision of § 2244(d)(1)(A) on February 21, 1995, when the United States Supreme Court denied the petition for a writ of *certiorari*. Petitioner therefore had one year from the effective date of the AEDPA, or until April 24, 1997, to file a timely habeas corpus petition. *See Banks v. Ohio*, 238 F.Supp.2d 955, 957 (S.D. Ohio 2002) (citing *Isham v. Randle,* 226 F.3d 691 (6th Cir. 2000)). This action is therefore time-barred.

In March 2020, the appellate court yet again rejected Petitioner's claim that his aggravated murder conviction and sentence violated the Double Jeopardy Clause:

> ¶ 9} Crago's complaint the trial court lacked jurisdiction to sentence him for aggravated murder in 1992 because he had already been sentenced for involuntary manslaughter in 1986 simply reframes the arguments underlying his double-jeopardy claims, which have been repeatedly rejected by this court and others.
>
> {¶ 10} He now contends the 1986 sentence entry was a final judgment as to the entire case, and the trial court therefore could not issue a sentence following his second trial. But there are a few simple points Crago's arguments fail to grasp. First,

9

all of Crago's arguments rest on the assumption his 1986 entry of conviction was a valid, final judgment of sentence as to all possible counts—an argument we have already rejected in the context of Crago's double-jeopardy claims. In *Crago I,* we observed issues relating to the disposition of the unresolved aggravated murder charge were "premature, and should be determined only when the trial court enters a judgment with respect to such count of the indictment." *Crago I* at \*24. Those very issues were subsequently determined by this court in *Crago IV*, following Crago's retrial and resentencing*. See, e.g., Crago IV* at 632, 639 N.E.2d 801 (holding that "defendant's claim fails because his retrial was simply a continuation of his initial jeopardy and did not constitute a successive prosecution").

{¶ 11} More importantly, as we stated above Crago's new approach is to argue the 1992 sentence is void. Citing *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, ¶ 11, 961 N.E.2d 671, Crago argues the 1992 sentence was a modification of the valid and final, 1986 sentence, and the trial courts lack authority to modify final criminal judgments, making the 1992 sentence a nullity. But Crago's argument is exactly backward, because we now know the 1986 sentence was itself not valid and final. Recently, in *State v. Craig*, —— Ohio St.3d ——, 2020-Ohio-455, the Supreme Court analyzed a similar case, and "adher[ing] to the text of the jurisdictional statute, our precedent, and our general rule disfavoring piecemeal appeals," held that "a conviction on one count of a multicount indictment is not a final, appealable order when other counts remain pending after a mistrial." *Id*. at ¶ 21. And, the *Craig* case merely makes clear what has long been the rule in this State. *See State v. Daboni,* 4th Dist. No. 16CA5, 2018-Ohio-68, ¶ 5-6; *State v. Ridener*, 2d Dist. No. 2018-CA-9, 2019-Ohio-1672, ¶ 13-16; *State v. Robinson*, 5th Dist. No. 2007 CA 00349, 2008-Ohio-5885, ¶ 11-12; *State v. Waters*, 8th Dist. No. 85691, 2005-Ohio-5137, ¶ 7-14; and *State v. Garner*, 11th Dist. No. 2002-T-0025, 2003-Ohio-5222, ¶ 7-11. *See also Painter* and *Pollis,* Ohio Appellate Practice section 2:10 (2020) ("[W]here a defendant is convicted on more than one charge, there is no final order until the trial court enters judgment (including sentence) on each and every offense for which there is a conviction and a journal entry memorializing the disposition of charges resolved through dismissal or acquittal." Thus, if a judge grants a mistrial on one count but enters a judgment of conviction on the others, the judgment is not a final order.").

{¶ 12} In 1986, Crago was found guilty of some offenses, acquitted of one, the jury hung on one offense (aggravated murder in the course of a robbery), and the court proceeded directly to sentencing on the offenses for which he was found guilty. The remaining aggravated murder charge was not dismissed or otherwise disposed of—rather, the charge was left "hanging" until the retrial in 1992. As a result, under *Craig,* the 1986 sentencing entry in Crago's case was not itself a final order.

{¶ 13} In short, upon review we conclude the 1986 sentencing entry in Crago's case was not final, since it did not dispose of all the charges against him. Rather, it is the 1992 entry which recites verdicts and imposes sentences for all offenses that was the final order of conviction in this case. As a result, Crago cannot claim the

>1992 entry is void, since it is the only final, valid sentencing entry left in the case and does not modify a prior final sentence. Moreover, Crago cannot now complain he was somehow harmed by this bifurcated process, since this court's decisions in *Crago I* and Crago IV thoroughly reviewed and rejected all of the issues he raised as to all of the offenses for which he was convicted. Although the road to an entire resolution of Crago's prosecution was long, it was completed, and his sentence was properly imposed in 1992.
>
>{¶ 14} For these reasons, all three of Crago's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas denying his motion is affirmed.

*State v. Crago*, 2020 WL 1172619, at *3–4.

Petitioner now argues that the appellate court's decision is wrong and he could not discover the basis for this claim until March 20, 2020, when the appellate court issued its erroneous decision denying his claims, and this action therefore is timely under the provision of § 2244(d)(1)(D). That argument is not persuasive. Petitioner has known of the factual predicate for his claim – *i.e.*, that his retrial and sentence on aggravated murder violates the Double Jeopardy Clause – since 1991. The appellate court's decision does not serve to re-start the running of the statute of limitations on a conviction that became final many years previously.

Moreover, to the extent that Petitioner seeks to challenge the appellate court's decision affirming the trial court's denial of his motion to vacate sentence as constitutionally invalid, that claim does not provide him a basis for relief.

>[T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review. *See Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir. 1986); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002). We have clearly held that claims challenging state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because " 'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.'" *Kirby*, 794 F.2d at 246 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)); *see also Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("States have no obligation to provide this avenue of relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the

> State supply a lawyer as well." (citation omitted)). A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not "result [in] . . . release or a reduction in ... time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention." *Kirby*, 794 F.2d at 247. "Though the ultimate goal in" a case alleging post-conviction error "is release from confinement, the result of habeas review of the specific issue[ ] ... is not in any way related to the confinement." *Id*. at 248. Accordingly, we have held repeatedly that "the scope of the writ [does not] reach this second tier of complaints about deficiencies in state post-conviction proceedings," noting that "the writ is not the proper means" to challenge "collateral matters" as opposed to "the underlying state conviction giving rise to the prisoner's incarceration." *Id.* at 248, 247; *see also Alley v. Bell*, 307 F.3d 380, 387 (6th Cir.2002) ("error committed during state post-conviction proceedings can not [sic ] provide a basis for federal habeas relief" (citing *Kirby,* 794 F.2d at 247)); *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir.2001) ("habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief").

*Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007).

## IV. DISPOSITION

For all of the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court

12

adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date:  March 9, 2021                                                     /s/ Kimberly A. Jolson
                                                         KIMBERLY A. JOLSON
                                                         UNITED STATES MAGISTRATE JUDGE