**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MARTIN D. CRAGO,**

      **Petitioner,**

      **v.**

**WARDEN, MARION
CORRECTIONAL INSTITUTION,**

      **Respondent.**

      **CASE NO. 2:21-CV-772
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson**

<u>**OPINION AND ORDER**</u>

On March 9, 2021, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed. (Doc. 5). Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (Doc. 8). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection (Doc. 8) is **OVERRULED**. The *Report and Recommendation* (Doc. 5) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim that his March 23, 1992, conviction, after a re-trial, on aggravated murder violates the Double Jeopardy Clause as untimely and without merit. Petitioner argues that he could not discover the factual basis for his claim that the trial court unconstitutionally merged his aggravated murder conviction with the prior sentence on involuntary manslaughter until March 10, 2020, when the appellate court affirmed the trial court's denial of his August 16, 2018, motion to vacate sentence. (*Objection*, ECF No. 8, PAGEID # 23.) Petitioner argues that, in view of the appellate

court's decision indicating that the trial court's initial 1986 imposition of sentence was not a final sentence, he has raised a new and distinct claim that he could not earlier discover that is timely under the provision of 28 U.S.C. § 2244(d)(1)(D).  Petitioner additionally now also argues that the state courts impeded his ability to discover the factual basis for this claim and that he did not know he could file a second habeas corpus petition upon being convicted after a re-trial. Petitioner indicates that he does not now intend to challenge any errors in post-conviction proceedings, but only the alleged illegal modification of his involuntary manslaughter sentence.

Under the provision of 28 U.S.C. § 2244(d)(1)(D), a petitioner must file his habeas corpus petition one year from the date that his claim "could have been discovered through the exercise of due diligence."  The question is not when a prisoner first learns of the factual predicate for his claim, but rather when he should have learned of it had he exercised reasonable care. *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004) (citations omitted).  "Section 2244(d)(1)(D) . . . does not convey a statutory right to an extended delay while a habeas petitioner gathers evidence that might support a claim." *Brooks v. McKee*, 307 F. Supp. 2d 902, 906 (E.D. Mich. 2004) (citation omitted). It is the petitioner's burden to establish that he exercised due diligence in searching for the factual predicate for his habeas corpus claim. *Redmond v. Jackson,* 295 F.Supp.2d 767, 772 (E.D. Mich. 2008) (citing *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002)).

Here, although Petitioner attempts to frame his claims as premised upon the appellate court's March 2020 denial of his post-conviction appeal, the crux of the issue involves his ongoing assertion that the Double Jeopardy Clause prohibited him from being sentenced after a re-trial on the charge of aggravated murder.  Petitioner has "simply reframe[d] the arguments underlying his double-jeopardy claims, which have been repeated rejected by this court and

others." *State v. Crago*, 10th Dist. No. 18AP-857, 2020 WL 1172619, at *3 (Ohio Ct. App. March 10, 2020). Further, Petitioner would not have acted reasonably in failing earlier to discover the basis for his claim that the trial court improperly sentenced him in March 1992 when it set aside his involuntary manslaughter conviction and merged it with his sentence on aggravated murder. *See State v. Crago*, 93 Ohio App. 3d 621, 627-32 (10th Dist. 1994). The record does not support Petitioner's allegation that state actors prevented him from discovering the factual basis for his claim that the Double Jeopardy Clause barred him from being re-sentenced after a re-trial.

Under the provision of 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment of conviction became final on February 21, 1995, when the United States Supreme Court denied his petition for a writ of *certiorari*. Petitioner therefore had one date from the effective date of the AEDPA, or until April 24, 1997, to file this action. He waited more than 23 ½ years, until November 30, 2020, to execute this habeas corpus petition. (Doc. 1, PAGEID # 25). The record does not support equitable tolling of the statute of limitations. *Holland v. Florida*, 560 U.S.641, 649 (2010) (In order to obtain equitable tolling, a petitioner must show that he has diligently pursued his rights and that some extraordinary circumstance prevented his timely filing) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "A prisoner's pro se incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations." *Granados v. Cook*, No. 2:16-cv-00879, 2016 WL 4991690, at *2 (S.D. Ohio Sept. 19, 2016) (citing *Hall v. Warden, Lebannon Corr. Inst*., 662 F.3d 745, 751 (6th Cir. 2011). "Neither a prisoner's pro se status nor his lack of knowledge of the law constitute[s] extraordinary circumstances justifying equitable tolling." *Taylor v. Palmer*, No. 2:14–cv–14107, 2014 WL

6669474, at *4 (E.D. Mich. Nov. 11, 2014) (citing *Rodriguez v. Elo*, 195 F.Supp.2d 934, 936 (E.D. Mich. 2002); *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness")).

For these reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (Doc. 8) is **OVERRULED.** The Report and Recommendation (Doc. 5) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 576 U.S. 1071, --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of this action as time-barred and failing to provide a basis for relief.  The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED.**

Date: April 12, 2021

_____s/James L. Graham_____
**JAMES L. GRAHAM**
**UNITED STATES DISTRICT JUDGE**