IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARTIN D. CRAGO,

    Petitioner,

v.

WARDEN, MARION
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:21-CV-772
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is now before the Court for consideration of Petitioner's Motion for Reconsideration (Doc. 11), brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons that follow, Petitioner's Motion for Reconsideration (Doc. 11) is **DENIED**.

The Court **DECLINES** to issue a certificate of appealability.

### I. Background

Petitioner challenges his March 23, 1992 conviction after a mistrial on aggravated murder in the Franklin County Court of Common Pleas. He asserts that his conviction violates the Double Jeopardy Clause and that the appellate court, on March 10, 2020, unconstitutionally affirmed the trial court's denial of his motion to correct a void judgment. (*Petition*, Doc. 1, PAGEID # 7, 12, 15, 19). Petitioner has subsequently clarified that he does intend to challenge any alleged errors in post-conviction proceedings. He challenges the trial court's 1992 imposition of sentence as constitutionally invalid. (*See Objection*, Doc. 8). Petitioner asserts that his sentence violates the Double Jeopardy Clause. The Court dismissed this claim as barred by the one-year statute of limitations of 28 U.S.C. § 2244(d).

Petitioner seeks reconsideration of the dismissal of this action as time-barred. Petitioner again argues that this action is timely because he could not earlier discover the factual basis for his claim based on the State's interference or his attorneys' failure to understand or present the issue to the state courts. Petitioner maintains that he has acted diligently in pursuing relief.

## II.     Law

A motion to alter or amend judgment may be filed under Rule 59(e) within 28 days of the entry of judgment where there exists "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *CitiMortgage, Inc.,* No. 2:13-cv-00680, 2015 WL 1000444, at *2 (quoting *Intern Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" *Esparza v. Anderson*, No. 3:96-cv-7434, 2013 WL 774155, at *7 (N.D. Ohio Feb. 27, 2013) (citing *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)). "[M]otions to alter or amend, or for reconsideration, are not intended as a mechanism for a plaintiff to relitigate issues previously considered and rejected, or to submit evidence which in the exercise of reasonable diligence could have been submitted earlier." *Kittle v. State*, No. 2:05-cv-1165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007) (citing *Helton v. ACS Grp.,* 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); *Howard*, 533 F.3d at 475. Due to the importance of finality in the justice system, a motion to reconsider a final order should be granted only in extraordinary circumstances, such as a complete failure to address an issue or claim. *Solly v. Mausser*, No. 2:15-cv-956, 2016 WL 74986 at *1 (S.D. Ohio Jan. 7, 2016). Further, it is not the function of a motion to reconsider to renew arguments that the Court has already considered and rejected. *See Lloyd v. City of Streetsboro*, No. 5:18-cv-73, 2018 WL

2985098, at *1 (N.D. Ohio June 14, 2018) (citing *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996)). "When the 'defendant views the law in a light contrary to that of this Court,' its 'proper recourse' is not by way of a motion for reconsideration but by 'appeal to the Sixth Circuit.'" *Id*. (citing *Dana Corp. v. United States*, 764 F.Supp. 482, 489 (N.D. Ohio 1991)).

### III. Application

This Court has already considered, and rejected, the arguments Petitioner now presents here. As previously discussed, Petitioner's claim has long been apparent from the face of the record and nothing prevented him from timely pursuing relief. Further, the record reflects no basis for equitable tolling of the statute of limitations. *Holland v. Florida*, 560 U.S. 641, 649 (2010). Petitioner filed this action more than 23 1/2 years late. He has presented no basis warranting relief from final judgment of dismissal of this action as barred by the one-year statute of limitations.

### IV. Disposition

Petitioner's Motion for Reconsideration (Doc. 11) is **DENIED**.

### V. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 576 U.S. 1071, --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's Motion for Reconsideration as without any basis providing for relief. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED.**

Date: April 28, 2021

       s/James L. Graham
**JAMES L. GRAHAM**
**UNITED STATES DISTRICT JUDGE**